**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Emilyanne Bahre and Justin Kirby, Defendants,

Of whom Emilyanne Bahre is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-002203

———————————

Appeal From Lancaster County
Coreen B. Khoury, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-415
Submitted November 25, 2025 – Filed December 5, 2025

———————————

**AFFIRMED**

———————————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Rock Hill, for Appellant.

Tracy L. Bomar-Howze, of The Howze Law Firm of Rock Hill; Angela Michelle Killian, of the South Carolina Department of Social Services, of Lancaster; and Jonathan Ashley Neal, of the South Carolina

Department of Social Services, of Greenville, all for
Respondent.

David E. Simpson, of David Simpson, Attorney and
Counselor at Law, of Rock Hill, for the Guardian Ad
Litem

---

**PER CURIAM:**  Emilyanne Bahre (Mother) appeals a family court order
terminating her parental rights to her two minor children (Children).  The family
court found clear and convincing evidence proved three statutory grounds for
termination of parental rights (TPR): failure to support, failure to remedy the
conditions that caused Children's removal, and Mother's diagnosable condition.
On appeal, Mother argues the family court erred in finding TPR was in Children's
best interests.  We affirm pursuant to Rule 220(b), SCACR.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de
novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).
Although this court reviews the family court's findings de novo, it is not required to
ignore the fact that the family court, which saw and heard the witnesses, was in a
better position to evaluate their credibility and assign comparative weight to their
testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

We hold TPR is in Children's best interests.  *See* S.C. Code Ann. § 63-7-2570
(Supp. 2025) (stating the family court may order TPR upon finding a statutory
ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc.
Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a
[TPR] case, the best interests of the children are the paramount consideration.");
*S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50
(2013) ("Appellate courts must consider the child's perspective, and not the
parent's, as the primary concern when determining whether TPR is appropriate.").

Throughout the over-four-year period during which the Department of Social
Services (DSS) has been involved with Mother and Children, Mother has failed to
complete any aspect of her court-ordered placement plan.  The DSS supervisor
testified Mother was in essentially the same position as she was in when DSS first
became involved with Mother in May 2020.  Mother was ordered to complete a
placement plan one year before the TPR hearing and had failed to complete any
portion of the plan by the date of the hearing.  The DSS supervisor testified Mother
failed to obtain stable housing, could not prove she had stable income, had not

completed her parenting classes or substance abuse treatment, and had sparingly shown up for drug screens—testing positive for the ones she submitted to. Additionally, the guardian ad litem (GAL) reported Mother still denied any allegations of physical abuse or neglect and asserted Children always had food and regularly had showers or baths despite Children's removal from the home in part because they tested positive for drugs.

Further, the DSS supervisor testified Children had been in the same foster placement since they first entered foster care thirteen months before the TPR hearing and that this foster care placement offered them the best opportunity for stability and permanency. The supervisor noted Children's foster parents were interested in adopting Children and provided the only stable environment Child 2 had been in since birth. We acknowledge the DSS supervisor's testimony that Children and Mother were bonded; however, the DSS supervisor also noted that although Children were aware Mother was their parent, they referred to their foster parents as "[M]om" and "[D]ad." Additionally, the GAL believed TPR was in Children's best interests. Based on the likelihood TPR would provide stability for Children and Mother's failure to complete any aspect of her court-ordered placement plan—which was important because it included substance abuse treatment and Children's exposure and positive drug screens were part of the reason for DSS's involvement—we hold the family court did not err in finding TPR was in Children's best interests. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned . . . and make them eligible for adoption . . . .").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.